UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSEA LATRON SWOPES,<br><br>                Petitioner,<br><br>    v.<br><br>A. CIOLLI, WARDEN,<br><br>                Respondent. | Case No. 1:21-cv-01418-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1, 8)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

Petitioner Hosea Latron Swopes ("Petitioner"), a federal prisoner, is proceeding *pro se* on his petition for writ of habeas corpus filed under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). On November 30, 2021, Respondent filed a Motion to Dismiss on the basis that the Court lacks jurisdiction. (Doc. No. 8). Petitioner filed a "reply" in opposition. (Doc. No. 13). For the reasons set forth more fully herein, the Court recommends granting Respondent's Motion to Dismiss.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## I. BACKGROUND

Petitioner, a federal prisoner, is serving a sentence of 180-months imprisonment and three years of supervised release for his 2015 plea-based conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1) and 18 U.S.C. § 924(e)(1) entered by the U.S. District Court for the Eastern District of Missouri ("EDMO"). *See United States v. Swopes*, No. 4:14-cr-243-RLW-1, Crim. Doc. Nos. 54, 56, 94 (E.D. Mo.).[2]  Because Petitioner had three prior convictions for crimes of violence, he was deemed an armed career criminal by the EDMO and sentenced accordingly under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e). Crim. Doc. Nos. 89-95.  Petitioner filed a notice of appeal.  Crim. Doc. No. 99.

On appeal, the United States Court of Appeals for the Eighth Circuit vacated the judgment of the district court and remanded for resentencing.  The three-judge panel found that based on intervening Eighth Circuit precedent, second-degree robbery under Missouri law did not constitute a conviction for a violent felony under § 924(e).  *United States v. Swopes*, No. 16-1797 (8th Cir. 2017), Crim. Doc. No. 108.  However, the Eight Circuit, sitting *en banc*, overruled the panel decision and concluded that the district court properly classified Petitioner's second-degree robbery conviction as a violent felony under the ACCA.  Crim. Doc. No. 111.  The Eighth Circuit returned the case to the three-judge panel, and the three-judge panel subsequently affirmed the judgment of the district court, finding that Petitioner's "conviction for unlawful use of a weapon in Missouri [Mo. Rev. Stat. § 571.030.1(4)] was a conviction for a violent felony under § 924(e). [Petitioner] therefore had sustained three previous convictions for a violent felony at the time of his offense in this case, and the district court properly applied the sentencing enhancement under the Armed Career Criminal Act." *United States v. Swopes*, 892 F.3d 961 (8th Cir. 2018); Crim. Doc. No. 113.  Petitioner's petitions for rehearing were denied.  Crim. Doc. No. 114.  Petitioner filed two writs for certiorari in the United States Supreme Court, on August 27, 2018 and January 2, 2019, respectively, and both petitions were denied.  Crim. Doc. Nos. 116-20.

On August 21, 2020, Petitioner filed a motion to vacate his conviction and sentence under

---

[2] The undersigned cites to the record in Petitioner's underlying EDMO criminal case as "Crim. Doc. No. _.".

2

1  28 U.S.C. § 2255, which was denied and dismissed by the EDMO as time-barred.  Crim. Doc.
2  No. 123; Doc. No. 8-1 at 26-33.   And on February 23, 2021, Petitioner sought relief via a motion
3  brought under 28 U.S.C. § 2241 in the Eastern District of California ("EDCA"), claiming that the
4  EDMO erred in finding him qualified for enhanced sentencing under § 924(e) based on the
5  predicate offense of unlawful use of a weapon by exhibiting under Missouri law.  *See Swopes v.*
6  *Ciolli*, No. 1:21-cv-00062-DAD-JLT, 2021 WL 963529 (E.D. Ca. Feb. 3, 2021).  The EDCA
7  dismissed Petitioner's petition for lack of jurisdiction on May 4, 2021.  (Doc. No. 8-1 at 42-43).

8  Under the guise of this instant § 2241 petition, Petitioner raises one ground for relief:
9  because his predicate offense of unlawful use of a weapon by exhibiting under Missouri law "did
10 not have as an element the use, attempted use, or threatened use of force against the person of
11 another" it does not constitute a violent felony under the recent Supreme Court opinion *Borden v.*
12 *United States,* 141 S.Ct. 1817 (2021), and he is actually innocent of the career offender
13 enhancement under 18 U.S.C. § 924(e).  (Doc. No. 1 at 6).  Respondent, in its Motion to Dismiss,
14 argues the Court lacks jurisdiction to review the § 2241 petition and the "escape hatch" of 28
15 USC § 2255 does not apply.  (Doc. No. 8).

## II.  APPLICABLE LAW AND ANALYSIS

17 Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner,
18 location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th
19 Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must do so
20 through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In limited
21 circumstances, federal prisoners may challenge the legality of their confinement through a § 2241
22 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e).  *Id*.
23 at 1192.  This portal permits a federal prisoner to challenge the legality of confinement if he can
24 establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality
25 of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a
26 petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an
27 "unobstructed procedural shot at presenting that claim."  *Shepherd v. Unknown Party, Warden,*
28 *FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the limitations

3

imposed on successive petitions by restyling his petition as one under § 2241.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  Here, Petitioner does not dispute the validity of his underlying plea-based convictions, and even if he did advance such a claim, his attempt would likely fail.  Petitioner pled guilty to his crime of conviction.  Therefore, any claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth.  *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").  Rather, Petitioner takes issue with the sentence imposed, and more specifically, the enhanced sentence he received as a career offender based on his prior offenses.  However, as correctly noted by the EDCA in dismissing Petitioner's previous § 2241 petition:

> In *Marrero v. Ives*, the Ninth Circuit noted that the circuit courts are in general accord that a petitioner may not assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).  The Ninth Circuit held that 'the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch.' *Id*. at 1193.  The Ninth Circuit has reasoned that such a claim was 'purely a legal claim that has nothing to do with factual innocence.' *Id*.  In this case, Petitioner appears to assert the purely legal claim that his prior conviction was a not a qualifying prior.  Relief under § 2241 is therefore foreclosed.

*See Swopes*, 2021 WL 963529, at *3 (E.D. Ca. Feb. 3, 2021). Here, as in the previously filed petition, Petitioner is foreclosed from relief under § 2241 because he is asserting the "purely legal" claim that he was wrongly classified as a career offender because his predicate offense does not qualify as a violent felony under the ACCA.

Finally, Petitioner premises his actual innocence argument on *Borden v. United States*, 141 S.Ct. 1817 (2021).[3] However, Petitioner's reliance on *Borden* as support for his contention that he is actually innocent of the career offender enhancement under 18 U.S.C. § 924(e) because his conviction for unlawful use of a weapon under Mo. Rev. Stat. § 571.030.1(4) did not "have as an element the use, attempted use, or threatened use of force against the person of another," is misplaced. (Doc. No. 1). In *Borden*, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. *Borden*, 141 S.Ct. at 1822. In making this finding, the Court parsed the states of mind giving rise to criminal liability – purpose, knowledge, recklessness, and negligence – and specifically found that the ACCA's elements clause definition of "violent felony," as an offense requiring the "use of physical force against the person of another," does not include offenses criminalizing reckless conduct. *Id*. at 1823-25. Thus, the Court held that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under ACCA. They do not require, as ACCA does, the active employment of force against another person." *Id*. at 1834.

In his Petition and response to Respondent's Motion to Dismiss, Petitioner relies on *Borden* to argue that he is actually innocent of the career offender enhancement because his predicate offense of unlawful use of a weapon by exhibiting under Missouri law "required no intentional use of force targeted to harm another person." (Doc. No. 1; Doc. No. 13 at 5-6). This argument is inapposite for two reasons. First, the precise language of the Missouri statute at issue, § 571.030.1(4), is "[a] person commits the offense of unlawful use of weapons, . . . if he or she *knowingly* exhibits, in the presence of one or more persons, any weapon readily capable of

---

[3] In their motion to dismiss, Respondent argues that "Petitioner's instant successive EDCA § 2241 claim is mere repetitive challenge to the legality of his EDMO sentence." (Doc. No. 8 at 4). However, the Court notes Respondent fails to respond to Petitioner's claim premised on the 2021 Supreme Court case *Bolden v. United States*, 141 S.Ct. 1817 (2021).

5

1 lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4) (emphasis added).
2 Thus, *Bolden's* holding, which expressly found that only offenses with a mens rea of recklessness
3 do not qualify as violent felonies under the ACCA, has no relevance to the Court's consideration
4 of whether Petitioner is actually innocent of his career offender status based on his conviction for
5 an offense that required a mens rea of knowledge. *See Borden*, 141 S.Ct. at 1823 ("Purpose and
6 knowledge are the most culpable levels in the criminal law mental-state 'hierarchy.'"). As noted
7 *supra*, Petitioner makes no argument that he is actually innocent of his crime of conviction.

8 Second, as acknowledged by Petitioner, the Eighth Circuit affirmed the district court
9 finding that Petitioner's conviction for unlawful use of a weapon qualified "categorically" as a
10 violent felony under § 924(e) because it "has as an element the use, attempted use, or threatened
11 use of physical force against the person of another." *Swopes*, 892 F.3d at 962 (citing *United*
12 *States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009) ("[i]t goes without saying that displaying an
13 operational weapon before another in an angry or threatening manner qualifies as threatened use
14 of physical force against another person."); *United States v. Hudson*, 851 F.3d 807, 809-10 (8th
15 Cir. 2017) (holding Pulliam was not superseded by *Descamps v. United States*, 570 U.S. 254
16 (2013), *Johnson v. United States*, 559 U.S. 133 (2010), or by developments in Missouri law)).
17 For all of these reasons, Petitioner fails to make a claim of actual innocence as required by the
18 escape hatch provision of § 2255(e).

19 Petitioner argues he has not had an "unobstructed shot" to raise his claim because the
20 "basis for [his] claim did not arise until June 21, 2021, when the Supreme Court decided *Borden*."
21 (Doc. No. 13 at 6). However, because Petitioner has failed to demonstrate he is actually innocent,
22 the Court need not address the "unobstructed procedural shot" prong of the escape hatch. *See*
23 *Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal. Mar. 17, 2022) *(citing Nichols v. Ciolli*,
24 2021 WL 3563092, at *3 (E.D. Cal. Aug. 12, 2021)); *Renderos v. Langford*, 2019 WL 1789879,
25 at *4 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*, 2012 WL 3756864, at *2 (E.D. Cal. Aug. 28,
26 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at
27 pursuing his claim because, even assuming that he did not, he has failed to show that he is
28

6

actually innocent.").

Based on the foregoing, Petitioner has failed to satisfy the escape hatch criteria of § 2255, and this court lacks jurisdiction over the § 2241 petition. Because Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the petition to the EDMO for consideration as a § 2255 motion. The undersigned recommends that Respondent's motion to dismiss be granted and the § 2241 Petition be dismissed for lack of jurisdiction.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. Respondent's motion to dismiss (Doc. No. 8) be GRANTED and the petition be dismissed.
2. The Clerk be directed to terminate any pending motions and close this case.

NOTICE TO THE PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   May 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7