# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSEA LATRON SWOPES,<br><br>　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI, WARDEN,<br><br>　　　Respondent. | Case No.: 1:21-cv-01418-JLT-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 8, 17) |

The assigned magistrate judge issued Findings and Recommendations recommending that Respondent's Motion to Dismiss be granted, and the Petition be dismissed for lack of jurisdiction. (Doc. 17.) Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within 14 days after service. In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.

On May 23, 2022, Petitioner timely filed objections to the Findings and Recommendations, which consisted largely of the same argument made in his reply to Respondent's Motion to Dismiss: that he is actually innocent of the career offender enhancement

1

1   under 18 U.S.C. § 924(e) because his predicate offense of unlawful use of a weapon by exhibiting
2   under Missouri law does not "require the targeted use of force intentionally designed to [sic]
3   injury another person," and therefore does not qualify as a violent felony based on recent the
4   Supreme Court holding in *Borden v. United States*, 141 S.Ct. 1817 (2021).  In his objections,
5   Petitioner specifically contends that *Borden* "established that the force clause 'excludes conduct,
6   *like* recklessness, that is not directed at [sic] targeted at another." (Doc. 18 at 2-3.)   However, the
7   precise holding in *Borden* was that criminal offenses "with a *mens rea* of recklessness do not
8   qualify as violent felonies under ACCA." *Borden*, 141 S.Ct. at 1834.  Under the Missouri statute
9   at issue here, "a person commits the offense of unlawful use of weapons, . . . if he or she
10  *knowingly* exhibits, in the presence of one or more person, any weapon readily capable of lethal
11  use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4)(emphasis added).

12        Petitioner does not argue, nor does the Court discern, that his conviction for unlawful use
13  of a weapon by exhibiting under Missouri law required only a *mens rea* of recklessness; rather,
14  the *mens rea* for an exhibiting offense is knowledge. *See United States v. Robinson*, 29 F.4th 370,
15  377 (7th Cir. 2022) ("The mens rea for Illinois's aggravated-discharge offense is knowledge, not
16  recklessness.  Borden, it follows, is irrelevant to [Petitioner's] status, because his predicate violent
17  offense was not a reckless crime."); *United States v. Jackson*, 30 F.4th 269, 275-76 (5th Cir. 2022)
18  (predicate conviction for aggravated robbery required a *mens rea* higher than recklessness and
19  therefore qualifies as violent felony for ACCA purposes); *Cf. United States v. Hoxworth*, 11 F.4th
20  693, 696 (8th Cir. 2021) ("Given that Texas's version of aggravated assault criminalizes
21  'recklessly caus[ing] bodily injury,' there is no question that Hoxworth's crime does not count as
22  a violent felony under *Borden*.").  Thus, *Bolden's* holding has no relevance to the Court's
23  consideration of whether Petitioner is actually innocent of his career offender status based on his
24  Missouri conviction for unlawful use of a weapon by exhibiting.

25        Finally, to the extent Petitioner re-argues in his objections to the Findings and
26  Recommendations that his conviction for exhibiting does not satisfy the "force clause" because
27  "exhibiting does not ever require the targeted use of force intentionally designed to [sic] injury
28  another person," the Eighth Circuit specifically affirmed the district court's finding that

Petitioner's conviction for unlawful use of a weapon qualified "categorically" as a violent felony under § 924(e) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." (Doc. 18 at 2-6; Doc. 17 at 6.); *See United States v. Swopes*, 892 F.3d 961, 962 (8th Cir. 2018). For this reason, Petitioner's citation to *Allen v. Ives*, 950 F.3d 1184, 1188-89 (9th Cir. 2020), is unhelpful, as that case concerned a petitioner who claimed a prior conviction did not qualify as a predicate offense – a claim that is foreclosed here by the Eighth Circuit's 2018 *Swopes* decision. Thus, having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 11, 2022, (Doc. 17), are **ADOPTED** in full.
2. Respondent's Motion to Dismiss (Doc. 8) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
4. The Clerk of the Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **June 24, 2022**

UNITED STATES DISTRICT JUDGE